IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMBER PATTERSON,

    Plaintiff,

v.

JAMES MONROE HAMM, et al.,

    Defendants,

v.

EMMITT C. PATTERSON, NATIONWIDE
INSURANCE CO., 123, INC. AND
JOHN DOE,

    Third-Party Defendants.

CIVIL ACTION NO.

1:05-CV-868-JEC

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 27 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## O R D E R  &  O P I N I O N

This case is presently before the Court on defendant Hamm's Motion to Dismiss [50], defendant Hamm's Motion to Amend Answer and Counterclaim [51], defendant Hamm's Requests for Appointment of Counsel [57], [64], and third-party defendant Patterson's Motion for Summary Judgment [59]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Hamm's Motion to Dismiss [50] should be **DENIED as moot**, defendant Hamm's Motion to Amend Answer and

AO 72A
(Rev.8/82)

Counterclaim [51] should be **GRANTED as unopposed**, defendant Hamm's Requests for Appointment of Counsel [57], [64] should be **DENIED**, and third-party defendant Patterson's Motion for Summary Judgment [59] should be **GRANTED**.

## BACKGROUND

This case arises out of a fatal car accident on April 8, 2003. (Compl. [1] at ¶ 10.) Defendant Hamm was driving south on Georgia Highway 92 in a vehicle owned by defendant McKinney. (*Id.* at ¶ 11.) At the same time, Thomas Robert Taylor was driving North on Highway 92 in a vehicle owned by third-party defendant Emmitt Patterson. (*Id.* at ¶ 10.) Taylor was accompanied by his one-year-old son, plaintiff Zion Thomas Patterson. (*Id.* at ¶ 12.) Either Hamm or Taylor crossed the centerline of the highway, resulting in a head-on collision. (*Id.* at ¶ 13; Def. Hamm's Amended Answer [40] at ¶ 28.) Taylor died in the accident, and his son Zion was seriously injured. (Compl. [1] at ¶¶ 22-23.)

Hamm admits that he was under the influence of drugs at the time of the accident.[1] (Amended Answer [40] at ¶ 5.) After the accident, Hamm was charged with vehicular homicide and other criminal violations. (Def. Hamm's Letter Response [8].) Apparently, the

---

[1] Plaintiff contends that Hamm was also under the influence of alcohol, but Hamm denies this allegation. (Amended Answer [40] at ¶ 5.)

2

government dropped the vehicular homicide charge, but convicted Hamm on related charges. (*Id.*) Hamm is currently serving a ten-year sentence at the Johnson State Prison in Wrightsville, Georgia. (*Id.*; Amended Answer [40] at ¶ 2.)

Plaintiff brought this civil suit against Hamm on March 31, 2005. (Compl. [1].) Plaintiff is suing Hamm on behalf of the estate of Taylor, and as the next friend and legal guardian of Zion Patterson. (*Id.*) She asserts state law claims against Hamm for simple negligence. (*Id.* at ¶¶ 10-14.) She also asserts state law claims for vicarious liability against McKinney, who allegedly entrusted his vehicle to Hamm, and against 123, Inc., which allegedly sold alcohol to Hamm before the accident. (*Id.* at ¶¶ 15-21.)

Hamm responded to the Complaint from prison. (Def. Hamm's Letter Response [8].) In his response, Hamm indicated that he had been unable to obtain an attorney or otherwise prepare his defense. (*Id.*) He requested an extension of time to formally respond to plaintiff's Complaint, which the Court granted. (*Id.*) He also asked the Court to appoint an attorney to represent him in this litigation, which the Court refused to do. (*Id.*)

Hamm subsequently filed an Amended Answer to plaintiff's Complaint. (Def. Hamm's Amended Answer [40].) In his Amended Answer, Hamm asserted several affirmative defenses and a counter-claim based on Taylor's alleged negligence in crossing the centerline

3

and causing the accident. (*Id.* at ¶¶ 15-17.) Hamm also asserted third-party claims against defendant Emmitt Patterson, the owner of the car Taylor was driving at the time of the accident, and defendant Nationwide Insurance Company ("Nationwide"), the insurer of the car. (*Id.* at ¶¶ 29-31.)

Defendant Hamm has now filed a motion to dismiss Nationwide from the litigation. (Def. Hamm's Mot. to Dismiss [50].) Hamm has also renewed his request for the Court to appoint an attorney to represent him. (Def. Hamm's Requests for Appointed Counsel [57], [64].) Third-party defendant Patterson has filed a motion for summary judgment on Hamm's claim. (Def. Patterson's Mot. for Summ. J. [59].) All of these motions are presently before the Court.

## DISCUSSION

### I.   Defendant Hamm's Motion to Dismiss

In his Amended Answer, defendant Hamm asserted a third-party claim against Nationwide, the insurer of the car Taylor was driving at the time of the accident. (Def. Hamm's Amended Answer [40] at ¶¶ 30-31.) Hamm alleged that Nationwide was "liable for the damages caused . . . by its insured." (*Id.* at ¶ 31.) Nationwide moved to dismiss Hamm's claim, citing Georgia law barring a direct action against a negligent defendant's liability insurer. (Nationwide's Mot. to Dismiss [48].) The Court granted Nationwide's motion to dismiss. (Order [55].) Accordingly, Hamm's motion to dismiss his

4

action against Nationwide is **DENIED as moot.**

II. **Defendant Hamm's Request for Appointed Counsel**

Hamm has filed several requests for appointment of counsel in this litigation. (Def. Hamm's Request for Appointment of Counsel [57], [64].) Hamm contends that counsel will be better equipped to research the law, prepare his defense, and proceed in the Court. (*Id.*) Hamm also claims that he cannot conduct proper legal research within the Georgia Prison System and that the Georgia Department of Corrections will not provide him with any assistance because this is a civil case. (*Id.*)

As a defendant in a civil case, Hamm has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to an indigent civil litigant in "exceptional circumstances." *Id.* (*citing Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Exceptional circumstances exist where, for example, "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean*, 951 F.2d at 1216 (*citing Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987)).

At this time, Hamm's circumstances are unexceptional as to require assistance of counsel. Hamm has demonstrated through his pleadings that he is able to advance legal arguments in support of

5

his defense. (*See, e.g.,* Def. Hamm's Amended Answer [40].) Indeed, Hamm has asserted affirmative defenses, counterclaims, and third-party claims. (*Id.*) He has also appropriately cited federal and state law in support of his defense. (*Id.*) Hamm's capacity for legal argument is apparent in his filings. *See Baker v. Coto*, 154 Fed. Appx. 854 (11th Cir. 2005) (holding that the district court did not abuse its discretion in denying a request for appointment of counsel where the litigant displayed a capacity for legal argument).

Furthermore, the facts and legal issues surrounding this case are relatively straightforward. The action arises from an automobile accident and the legal issues are grounded in basic principles of tort law. The main issue for resolution is the simple factual question of whether Taylor or Hamm caused the accident by crossing the highway centerline. *See Bass*, 170 at 1320 (finding that the district court did not abuse its discretion in refusing to appoint counsel where the factual and legal issues were relatively straightforward).

The Court recognizes that Hamm is defending himself in a civil action and that the Georgia Department of Corrections will not provide him assistance. However, Hamm has not demonstrated that it is impossible for him to perform legal research. Nor has Hamm articulated a lack of access to legal materials. Rather, Hamm has demonstrated, through his pleadings, his ability to conduct legal

6

research. Although appointment of counsel would undoubtedly assist Hamm's defense, Hamm's pleadings indicate that he has a sufficient understanding of the law to prepare his defense and that he will not be substantially prejudiced if he has to defend the action *pro se*. Accordingly, Hamm's Request for Appointment of Counsel is **DENIED**.

### III. Third-Party Defendant Patterson's Motion for Summary Judgment

Defendant Hamm has asserted a negligent entrustment claim against third-party defendant Emmitt Patterson. (Def. Hamm's Amended Answer [40] at ¶ 29.) Hamm alleges that Patterson negligently entrusted Taylor with a 1999 Mitsubishi Mirage, the car that Taylor was driving at the time of the accident. (*Id.*) Hamm also contends that Patterson negligently disregarded a safety recall on the Mitsubishi. (*Id.*) Patterson argues that he is entitled to summary judgment on both of these claims. (Patterson's Mot. for Summ. J. [59].)

#### A.   Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."" FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue

is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. While

8

the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986).

### B. Georgia Law on Negligent Entrustment

Hamm's claims against Patterson are based on state negligence law. The accident that led to this litigation occurred in Georgia. (Compl. [1] at ¶¶ 10-11; Amended Answer [40] at ¶¶ 26-27.) Accordingly, Georgia law governs Hamm's claims. *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules."); and *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 621 S.E. 2d 413 (2005) (affirming the *lex loci delicti* rule applicable in Georgia).

Under Georgia law, a defendant may be liable if he entrusts his vehicle to a person who is "incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Wilson v. Ortiz*, 232 Ga. App. 191, 196, 501 S.E. 2d 247, 252 (1998); *Gunn v. Booker*, 259 Ga. 343, 346, 381 S.E. 2d

AO 72A
(Rev.8/82)

286, 290 (1989). Liability under this theory is premised on defendant's: 1) exercise of the power to entrust his vehicle; and 2) actual knowledge of the driver's incompetence. *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 418 S.E. 2d 604 (1992).

Georgia courts have repeatedly stressed that constructive knowledge is insufficient to support liability for negligent entrustment. *See Carolina Cable Contractors, Inc. v. Hattaway*, 226 Ga. App. 413, 415-416, 487 S.E. 2d 53, 54-55 (1997). A party is not liable merely because he *could have* ascertained the incompetency of the driver by the exercise of reasonable care. *Id.; Wilson*, 232 Ga. App. at 196, 501 S.E. 2d at 252. Similarly, the owner of a vehicle is only liable if he has actual knowledge of an unsafe or defective condition of his vehicle that results in injuries. *Wilson*, 232 Ga. App. at 195, 501 S.E. 2d at 252.

### C. Third-Party Defendant Patterson is Entitled to Summary Judgment on Hamm's Claims.

Emmitt Patterson is the registered owner of the vehicle Taylor was driving at the time of the accident. (Patterson Aff. [59] at ¶ 4.) Prior to the accident, however, Patterson gave the vehicle to plaintiff Amber Patterson as a gift. (*Id.*) At the time of the accident, Amber Patterson was over 18 years old and maintained her own household. (*Id.* at ¶ 3.) She exercised complete dominion over the vehicle. (*Id.* at ¶ 4.)

There is no evidence in the record to suggest that Emmitt Patterson had sufficient control over the vehicle to entrust it to Taylor. *See Viau,* 203 Ga. App. at 803, 418 S.E. 2d at 607 ("mere possession of the requisite actual knowledge without the requisite power to entrust will not support a finding of liability") and *Marshall v. Whaley,* 238 Ga. App. 776, 520 S.E. 2d 271 (1999)(granting summary judgment to a father who was the registered owner of his son's truck, because the son "had exclusive use" of the truck). Neither is there any evidence that Emmitt Patterson was even aware that Amber would entrust the vehicle to Taylor.

Furthermore, Patterson states in his affidavit that he was unaware that Taylor was incompetent to operate a vehicle for any reason. (Patterson Aff. [59] at ¶¶ 6-7.) Hamm has not presented any evidence to the contrary. Accordingly, Patterson is entitled to summary judgment on Hamm's negligent entrustment claim. *Accord, Wilson,* 232 Ga. App. at 195-96, 501 S.E. 2d at 252.

As to Hamm's claim that Patterson negligently disregarded a safety recall on the vehicle, the only evidence in the record is that Patterson was unaware of the recall. (Patterson Aff. [59] at ¶¶ 8-9.) Patterson testified in his affidavit that he had no knowledge that the 1999 Mitsubishi Mirage was the subject of a recall. (*Id.*) Indeed, Patterson's testimony is supported by the allegations in Hamm's Amended Answer. In his Answer, Hamm asserted a claim against

11

the individual who sold the Mitsubishi to Patterson, and who allegedly "failed to notify Mr. Patterson of the recall of th[e] car issued November 26, 2001 by Mitsubishi Corporation." (Amended Answer [40] at ¶ 22.)

As discussed, under Georgia law the owner of a vehicle is only liable for injuries resulting from an unsafe or defective condition if the owner knew of the condition. *Wilson*, 232 Ga. App. at 195, 501 S.E. 2d at 252. There is no evidence in the record to create a question of fact on this issue. Accordingly, Patterson is entitled to summary judgment on Hamm's claim that he negligently disregarded a safety recall.

## CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** defendant Hamm's Motion to Dismiss [50], **GRANTS as unopposed** defendant Hamm's Motion to Amend Answer and Counterclaim [51], **DENIES** defendant Hamm's Requests for Appointment of Counsel [57], [64], and **GRANTS** third-party defendant Patterson's Motion for Summary Judgment [59].

SO ORDERED, this 27 day of February, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE